## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**NACHELL TRENT,**

     **Plaintiff,**

**vs.**                                                    **CASE NO.:**

**ALLMAN ENTERPRISES, LLC d/b/a MCDONALD'S,**

     **Defendant.**          **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NACHELL TRENT ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, ALLMAN ENTERPRISES, LLC d/b/a MCDONALD'S, ("Defendant") and in support thereof states as follows:

## JURIDISCTION AND VENUE

1.      This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2.      Jurisdiction is conferred upon this Court by:

     a.     42 U.S.C. § 2000e-5;

     b.     28 U.S.C. § 1331; and

     c.     28 U.S.C. § 1343.

3.    Venue is proper for the United States District Court for the District of Florida because:

a.    Plaintiff's employment with Defendant took place in the District of Florida;

b.    The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the District of Florida; and

c.    Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the District of Florida, and because Defendant is subject to personal jurisdiction there due to employing Plaintiff in the District of Florida.

d.    Specifically, Plaintiff was employed and terminated by Defendant at 5320 Norwood Ave., Jacksonville, Florida 32208.

## CONDITIONS PRECEDENT

4.    Prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5.    Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on February 24, 2022, and amended

Charge of Discrimination on or about March 7, 2023.[1] See exhibit "A" –Amended Charge of Discrimination

6.      On May 1, 2023, the United States Equal Employment Opportunity Commission issued a Letter of Determination stating the agencies investigation established that there was reasonable cause to believe Defendant discriminated against Plaintiff in violation of Title VII including retaliation. See exhibit "B" – Letter of Determination

7.      On August 14, 2023, the United States Equal Employment Opportunity Commission issued a Conciliation Failure and Notice of Rights. See exhibit "C" – Conciliation Failure and Notice of Rights

8.      This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested her Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

10.      Plaintiff is a citizen of the United States, who during all material times resided in the District of Florida, and currently resides in the District of Florida.

---

[1] Allman Enterprises, LLC purchased HMCC, Inc.'s McDonald's location at issue on or about December 16, 2021

11.     Plaintiff's gender is female.

12.     Plaintiff's date of birth is April 16, 2004. Thus, at all times material to this action, Plaintiff was a minor.[2]

13.     ALLMAN ENTERPRISES, LLC d/b/a MCDONALD'S is a Foreign Limited Liability Company listing its principal office address as 13245 Atlantic Blvd., Suite 4-391. Jacksonville, Florida. See Florida's Division of Corporations website at https://dos.myflorida.com/sunbiz/

14.     ALLMAN ENTERPRISES, LLC d/b/a MCDONALD'S operates and conducts business at 5320 Norwood Ave., Jacksonville, Florida 32208

15.     Plaintiff worked for Defendant at 5320 Norwood Ave., Jacksonville, Florida 32208.

16.     Plaintiff worked for Defendant as a Cashier.

17.     Plaintiff earned $10.25 per hour working for Defendants.

18.     Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

19.     Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

20.     Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

---

[2] At the time of filing this Complaint, Plaintiff is now over the age of 18.

21.     At all times material to this action, Defendant engaged in unlawful gender discriminatory and retaliatory practices against Plaintiff in violation of Title VII.

## STATEMENT OF CLAIMS

22.     Plaintiff was hired by Defendant on or about December 13, 2021, as a Cashier.

23.     Defendant trained Plaintiff and directed her job duties, responsibilities, and hours worked.

24.     Almost immediately upon starting her employment, Plaintiff was the target of a sexually harassing and offensive remark by one of Defendant's male employees, Toby Selwyn.

25.     Mr. Selwyn was a 25-year-old male who worked in Defendant's kitchen.

26.     Mr. Selwyn repeatedly make unwelcomed sexually harassing comments to Plaintiff.

27.     For example, while Mr. Selwyn was handling burger meat with his hands, he stated to Plaintiff "What's the problem? You'll be doing the same thing with my meat".

28.     Mr. Selwyn also purposely created situations in which he had to make unnecessary and unwanted physical contact with Plaintiff.

29.    On or about December 24, 2021, Plaintiff, via her mother[3], contacted Defendant's Hiring Manager, Cherelle Wheeler, regarding the sexually harassing behavior.

30.    Plaintiff, complained to Defendant of sexual harassment by a co-worker.

31.    Ms. Wheeler disregarded Plaintiff's complaints and responded by berating and cursing at Plaintiff's mother.

32.    As a result, Plaintiff's mother visited Defendant's store to speak with management in person.

33.    Defendant's Area Manager (unknown name) indicated he would investigate and terminate Mr. Selwyn.

34.    Though Defendant claims to have reviewed security footage as part of its investigation, upon information and belief, Defendant did not preserve such evidence.

35.    After Plaintiff's complaint of sexual harassment, Defendant never placed Plaintiff back on the work schedule.

36.    Defendant never provided Plaintiff an explanation for why she was no longer scheduled to work.

---

[3] Given that Plaintiff was a minor at the time, Plaintiff's mother complained of the sexual harassment on Plaintiff's behalf. However, Plaintiff was on the call as well.

37.    Plaintiff's employment was effectively terminated by Defendant on or about December 24, 2021, when Defendant failed to place Plaintiff on the schedule the following week or any other week after her complaint of sexual harassment.

38.    Plaintiff's employment was terminated by Defendant in retaliation for complaining about sexually harassing conduct by one of Defendant's employees.

39.    Plaintiff engaged in protected activity when she complained of Defendant employee's sexually harassing and offensive conduct.

40.    Defendant has engaged in unlawful employment practices in violation of Title VII by discriminating against Plaintiff when Defendant terminated her employment in retaliation for reporting sexually harassing and offensive conduct.

41.    Plaintiff's employment was terminated in retaliation for engaging in statutorily protected activity.

42.    Plaintiff's employment was terminated in retaliation based upon her gender, female.

43.    Upon information and belief, Mr. Selwyn was not terminated for engaging in sexually harassing conduct.

44.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

45.     The unlawful employment practices complained of above were intentional.

46.     The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

47.     Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

## COUNT I
## TERMINATION BASED ON RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY (TITLE VII)

48.     Plaintiff re-alleges and adopts paragraph 1 – 47 as though set forth fully herein.

49.     Defendant unlawfully retaliated against Plaintiff, by terminating her, because she opposed a practice made unlawful by Title VII when she reported sexually harassing and offensive conduct by a co-worker.

50.    Plaintiff's opposition to the practice was a protected activity under Title VII.

51.    Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

52.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

53.    The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

54.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, NACHELL TRENT, prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend this Complaint to seek punitive damages against Defendant**

DATED this 29th day of September, 2023. Respectfully Submitted,

> **/s/ Matthew R. Gunter**
> Matthew R. Gunter, Esq.
> FLBN: 0077459
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., Ste. 1600
> Orlando, FL 32801
> Tel.: (407) 420-1414
> Fax: (407) 867-4791
> Email: MGunter@forthepeople.com
> *Attorneys for Plaintiff*

# EXHIBIT "A"

| **AMENDED** CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | |

### U.S. Equal Employment Opportunity Commission
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ericka Jackson on behalf of her daughter Nachell Trent (minor)** | **(904) 887-7759** | **04/16/2004** |

| Street Address | City, State and ZIP Code |
|---|---|
| **916 West 24th Street, Jacksonville, FL 32209** **Email: LadyDuval904@gmail.com** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **HMCC, INC. d/b/a McDonald's** | **15+** | **(904) 768-4000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Local Address: 5320 Norwood Ave, Jacksonville, FL 32208** **Principal Address: 7143 State Rd 54, Suite 107, New Port Richey, FL 34653** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Allman Enterprises, LLC** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **13245 Atlantic, Blvd. Jacksonville, FL 32225** | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER *(Specify below.)* | Earliest **12/24/2021**   Latest **12/242021**   [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Ms. Nachell Trent ("Claimant") is female. Claimant is also a minor. Claimant was hired by HMCC, INC. d/b/a McDonald's ("Respondent") in approximately December 2021 working most recently in the position of Cashier at the 5320 Norwood Ave, Jacksonville, FL 32208 location. Claimant alleges she was terminated from her employment with Respondent in retaliation for engaging in protected activity. Specifically, Claimant alleges she was terminated on the basis of reporting sexually harassing and illegal behavior of another co-worker to management.

Almost immediately upon Claimant's employment with Respondent, Claimant was the target of continued sexual harassment by another employee, Toby (LNU). According to Claimant, Toby is over the age of 21. Toby harassed Claimant by making sexually offensive comments. For instance, after Claimant commented that Toby was handling burger meat with his bare hands, he responded "What's the problem? You'll be doing the same thing with my meat". Toby would also purposely create situations in which Claimant or Toby had to make physical contact. Specifically, Toby would corner Claimant in the kitchen which would require Claimant to squeeze by in an effort to avoid him. The harassment when on for approximately the first 1.5 weeks of Claimant's employment.

On December 24, 2021, Claimant's mother, Ericka Jackson, contacted Respondent's management regarding the sexually harassing behavior. Ms. Jackson spoke with Cherelle Wheeler (Hiring Manager) but was berated and cursed at on phone. Indeed, Respondent's response to the call was to tell Ms. Jackson she needed to be a better parent. As a result, Ms. Jackson visited the store to discuss. The Area Manager (unknown name) arrived and indicated they would handle the complaint with an investigation and terminated Toby.

Unfortunately, Claimant was never placed on the schedule after December 24, 2021. In fact, despite Claimant's efforts, no one has explained to Claimant why she has not been placed back on the schedule for work.

Claimant alleges her termination was based on her gender and in retaliation for engaging in protected activity for reporting sexually harassing behavior. Respondent's conduct is in violation of Title VII of the Civil Rights Act of 1964. Claimant

would like for the Agency to investigate her claims against Respondent, issue a Reasonable Cause Determination, and prohibit Respondent from engaging in any further unlawful conduct.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>2/25/2022     *Ericka Jackson*Ericka Jackson<br>_____<br>*Date*     3/7/2023     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |

DocuSign Envelope ID: 29C0B7D4-903A-4D85-8F96-9318D476665D
CP Enclosure with EEOC Form 5 (5/01)

**PRIVACY ACT STATEMENT:**   Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (5/01).

**2.    AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

**3.    PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under work sharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT "B"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Juan Local Office**

525 F. D. Roosevelt Avenue
Plaza Las Americas, Suite 1202
San Juan, PR  00918-8001
San Juan Investigator: (787) 520-5623
Website: www.eeoc.gov

EEOC Charge No.: 515-2022-00368

Ericka Jackson
on behalf of Nachell Trent, Minor                          Charging Party
916 West 24th Street
Jacksonville, FL 32209
LadyDuval904@gmail.com


Allman Enterprises LLC                                     Respondent
13245 Atlantic Blvd.,
Jacksonville, FL 32225


<u>Letter of Determination</u>

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge filed under Title VII of the Civil Rights Act of 1964, as amended including retaliation. Respondent is an employer within the meanings of Title VII, and all statutory requirements for timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleged that she was subjected to continuous sexual harassment conduct and objectionable behavior by a co-worker which ended in her employment termination. Charging Party alleged that on December 24, 2021, she reported the sexually harassing conduct to the Respondent Hiring Manager, and she was told that they will handle the situation with an investigation and terminate the co-worker. Thereafter, Charging Party alleged that despite her efforts, Respondent failed to explain why she was not placed on work after December 24, 2021, terminating her employment in retaliation for participating in protected activity.

I have determined that the evidence obtained during the investigation established that there is reasonable cause to believe that Respondent discriminated against Charging Party in violation of Title VII including retaliation.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email Lourdes Guzman at lourdes.guzman@eeoc.gov within 10 days from the date of this Letter of Determination.

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party and the Commission. The confidentiality provisions of

Letter of Determination
EEOC Charge #515-2022-00368
Page #2

the statute and Commission Regulations apply to information discussed or given during conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

May 1, 2023
Date

Digitally signed by William R. Sanchez
Date: 2023.05.01 13:32:32 -04'00'

William R. Sanchez
Local Office Director

cc:

**Charging Party's Legal Representative**

Mathew Gunter, Esq.
20 North Orange Ave., Ste 1600
Orlando, FL 32801
MGunter@ForThePeople.com

**Respondent Legal Representative**

Gayla P. Grant, Esq.
Associate
Cole, Scott & Kissane, P.A.
2873 Remington Green Cir.
Tallahassee, FL 32308
Gayla.Grant@csklegal.com

# EXHIBIT "C"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Juan Local Office
525 F.D. Roosevelt Ave
Plaza Las Americas, Suite 1202
San Juan, PR 00918
(800) 669-4000
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/14/2023

**To:** Ericka Jackson
916 West 24th Street
Jacksonville, FL 32209
Charge No: 515-2022-00368

EEOC Representative and email:   LOURDES GUZMAN
investigator
lourdes.guzman@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 515-2022-00368.

On behalf of the Commission,

Digitally Signed By: William R. Sanchez
08/14/2023

William R. Sanchez
Director

**Cc:**
Kyle L Varnes
Cole, Scott & Kissane P.A.
4686 Sunbeam Road
Jacksonville, FL 32257

Jennifer Kass
4686 Sunbeam Road
Jacksonville, FL 32257

Matthew Gunter
Morgan & Morgan
20 North Orange Ave. Ste 1600
Orlando, FL 32801


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this** Notice. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 515-2022-00368 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500

Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 515-2022-00368 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.